United States District Court
For the Northern District of California

1
2
3
4          **E-FILED on**   11/6/09
5
6
7
8              IN THE UNITED STATES DISTRICT COURT
9            FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                      SAN JOSE DIVISION
11

| | |
|---|---|
| 12   IN RE: | No. C-09-80136 MISC RMW |
| 13   DESTRUCTION OF FIREARMS AND | ORDER SETTING ASIDE JULY 27, 2009 |
| 14   AMMUNITION | DESTRUCTION ORDER |
| 15 | **[Re Docket No. 6]** |
| 16 | |
| 17 | |

18         Kevin Dugan has moved for reconsideration of the court's July 27, 2009 Order Authorizing

19   Destruction of Certain Firearms and Ammunition.   The firearms and ammunition were seized from

20   Dugan and were kept as evidence with respect to his prosecution in criminal action number

21   CR-03-20010.  The destruction order was apparently signed without notice to Dugan and by a judge

22   who had disqualified himself from presiding over Dugan's criminal trial.  Dugan's criminal case

23   resulted in his conviction which is now on appeal.

24         Dugan submits that the destruction order should be set aside.  The government opposes the

25   motion on the grounds that Civil Local Rule 7-9 which governs motions for reconsideration does not

26   apply because the destruction order is a final order, and reconsideration is permitted only with

27   respect to interlocutory orders.  The government also contends that even if the criminal conviction

28   were reversed on appeal, there is ample evidence of record that Dugan was an unlawful user of a

1  controlled substance at the time he possessed the ammunition and firearms and therefore was

2  prohibited from possessing them.

3       The court hereby sets aside the July 27, 2009 Order.  The government's point that Civil Local

4  Rule 7-9 only allows reconsideration of interlocutory orders may be correct.  However, the court

5  will treat the motion as one to set aside the order under Fed. R. Civ. P. 60(b).  The order is properly

6  set aside because it is void having been obtained without proper service and was inadvertently

7  rendered by a district judge who had disqualified himself from handling Dugan's criminal case and

8  undoubtedly would have disqualified himself in this action had he realized Dugan's involvement.

9       The government can renew its request to have a final judgement entered.  However, subject

10  to being convinced otherwise, the court does not believe that the firearms and ammunition should be

11  destroyed pending the final disposition of Dugan's criminal case.

12

13  DATED:        11/6/09

                                           *Ronald M Whyte*

14                                          RONALD M. WHYTE
                                        United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**Notice of this document has been sent to:**

**Counsel for United States:**

David B. Countryman      david.countryman@usdoj.gov
Brian Joseph Stretch       brian.stretch@usdoj.gov

**Counsel for Interested Party:**

Alyson C. Decker         adecker@orrick.com
Warrington S. Parker, III    wparker@orrick.com

**Interested Party:**

Kevin Dugan
No. 99865-111
FCI La Tuna
P.O. Box 3000
Anthony, TX 88061

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**        11/6/09                     CCL
                                              **Chambers of Judge Whyte**